UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Berger Montague PC<br><br>    1818 Market St., Ste. 3600<br>    Philadelphia PA, 19103<br><br>    *Plaintiff*,<br><br>v.<br><br>U.S. Department of Energy<br><br>    1000 Independence Ave., SW<br>    Washington, DC 20585<br><br>    *Defendant.* | FREEDOM OF INFORMATION<br><br>ACT 5 U.S.C. § 552<br><br><br><br>Case No. 1:25-cv-1771 |

## **COMPLAINT**

Plaintiff Berger Montague PC brings this action against Defendant U.S. Department of Energy to enforce compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

## **PARTIES**

1.  Plaintiff Berger Montague PC ("BMPC") is a law firm based in Philadelphia, PA, with expertise in various areas of complex litigation, including antitrust and securities class actions, Qui Tam whistleblower claims, and mass tort litigation. Berger Montague (Canada) PC is the affiliated Canadian law firm, based in Toronto, Ontario.

2.  Defendant Department of Energy ("DOE") is an agency of the United States government and is headquartered at 1000 Independence Avenue SW, Washington, DC 20585. DOE has possession, custody, and control of records to which BMPC seeks access.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## BACKGROUND

*Underlying Litigation*

5. Li-Cycle Holdings Corp. ("Li-Cycle") is an Ontario incorporated company that specializes in lithium-ion battery resource recovery. On February 27, 2023, Li-Cycle reported to investors that it had entered into a conditional commitment for a $375 million loan from the DOE's Advanced Technology Vehicles Manufacturing Loan Program ("DOE Loan") which would complete the necessary financing of Li-Cycle's electric vehicle battery facility located near Rochester, New York (the "Rochester Hub Project").

6. At that time, the Rochester Hub Project was reported to cost approximately $486 million. Li-Cycle initially reported that it anticipated that the DOE Loan would close during 2Q 2023 and that the Rochester Hub would be completed for commissioning by late 2023. The original summary terms and conditions of the DOE Loan were not disclosed to the public.

7. Berger Montague (Canada) PC represents the lead plaintiff in a proceeding in the Ontario Superior Court of Justice Canada styled as *Wyshynski v. Li-Cycle Holdings Corp and Ajay Kochhar*, Court File No. CV-23-00710373-00CP (the "Canadian Proceeding"). There is a complimentary proceeding issued in the United States pursuant to the Securities and Exchange Act of 1934 (the "U.S. Proceeding"). The U.S. Proceeding was dismissed on June 10, 2024 (the "U.S. Proceeding Dismissal") and is currently under appeal.

8. The Canadian Proceeding seeks recourse for Canadian beneficial owners of shares of Li-Cycle for common law secondary market misrepresentations and further relief under the laws of Ontario, Canada. The U.S. Proceeding seeks recourse for a Class consisting of all persons who purchased or otherwise acquired Li-Cycle's common stock between January 27, 2022 and November 13, 2023, seeking to recover damages caused by Li-Cycle and other defendants for violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.

9. As of May 14, 2025, Li-Cycle has filed for bankruptcy protection under Chapter 15 of the U.S. bankruptcy code, 11 U.S.C. §§ 1501 *et seq.*, and the Companies' Creditors Arrangement Act (CCAA), R.S., c. C-25, s. 1, a Canadian federal law permitting insolvent corporations with debt exceeding $5 million to restructure their business and financial affairs.

*FOIA Request*

10. On November 29, 2023, BMPC submitted to DOE a request for documents (the "FOIA Request") pursuant to the federal FOIA statute, 5 U.S.C. § 552 and as implemented by DOE in 10 C.F.R. Part 1004. The FOIA Request seeks the following documents relevant to the Li-Cycle class action proceedings:

    a. All documents created by the U.S. Department of Energy ("DOE") relating to the announced conditional commitment from the Loan Program Office ("LPO") of the DOE to Li-Cycle Holdings Corp. ("Li-Cycle") through the LPO's Advanced Technology Vehicles Manufacturing ("ATVM") program for funding for Li-Cycle's planned electric vehicle battery facility located near Rochester, New York (the "Rochester Hub Project").

    b.    All documents created by Li-Cycle and its agents relating to the DOE's conditional commitment to loan Li-Cycle up to $375 million for the Rochester Hub Project.

    c.    All documents relating to the conditions established by DOE that needed to be satisfied for the closing of the Loan to take place.

    d.    All internal status reports and updates, as well as other documents, maintained by DOE relating to the satisfaction of the conditions necessary for the closing of the Loan.

    e.    All documents in DOE's possession which were prepared by transmitted by Hatch Ltd. (engineering, procurement, and construction management contractor for the Rochester Hub Project) relating to the Rochester Hub Project or the loan.

11.    On December 14, 2023, DOE acknowledged Berger Montague's FOIA request.

12.    On April 5, 2024, DOE proposed to provide a record previously produced under a similar request as a first partial response. DOE also proposed to work with BMPC to further clarify the FOIA Request and the nature of the records held by DOE. BMPC agreed with these proposals in an email dated April 8, 2024.

### *First Partial Response*

13.    On May 22, 2024, BMPC received the First Partial Response. The First Partial Response contains a single document. The responsive document consists of two parts: (1) a letter from the DOE Secretary to the Chief Financial Officer of Li-Cycle (the "DOE Letter") indicating DOE's "conditional commitment" to the DOE Loan; and (2) a term sheet titled "Summary Terms and Conditions for Loan" ("Term Sheet") attached as an annex to the DOE Letter.

14. The DOE Letter was produced without redaction, but the Term Sheet was redacted in full, pursuant to FOIA Exemption 4. Exemption 4 protects from FOIA disclosure any matters that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

15. The First Partial Response was produced alongside the DOE's May 22, 2024 determination letter, wherein DOE articulated its basis for withholding pursuant to FOIA Exemption 4. DOE there asserted the redacted information "includes confidential commercial and financial information related to the Summary Terms and Conditions for Loan for Li-Cycle U.S. Holdings, Inc. [. . .] that is maintained in confidence by the submitters and [. . .] is 'so customarily kept private, or at least, closely held by the person imparting it.'" First Partial Response, at 2 (citing *Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 428 (2019)). DOE further asserted that "submitter companies hold the information private, and that is information not customarily released to the general public. DOE has also confirmed its commitment to keep this information confidential as it is customarily kept private by the submitter." *Id*.

*Administrative Appeal*

16. On August 20, 2024, BMPC submitted an appeal of the First Partial Response (the "FOIA Appeal").

17. On September 9, 2024, the United States Department of Energy Office of Hearings and Appeals granted the FOIA Appeal in part. The appeal decision (the "FOIA Appeal Order") found that DOE's redactions under Exemption 4 were overbroad. The FOIA Appeal Order held that some of the redacted information in the Term Sheet was not "obtained from a person" outside DOE and therefore did not meet the definition of Exemption 4. Specifically, the FOIA Appeal Order found that "much of the information appears to be simply commercial terms

constituting parts of the deal arrived at by DOE and the applicants, not commercial or financial information of the applicants that ended up in the final term sheet and that might qualify for protection from disclosure under Exemption 4." FOIA Appeal Order at 4 (cleaned up). The FOIA Appeal Order therefore compelled DOE to issue a new determination in accordance with this decision. *Id.* at 4–5.

### *Revised First Partial Response*

18. On February 18, 2025, DOE provided a Revised First Partial Response. The Revised First Partial Response contained the same DOE Letter and Term Sheet—except that two introductory paragraphs of the Summary Terms and Conditions were now unredacted.

19. The Revised First Partial Response continued to redact the subsequent 66 pages in full—despite the clear instructions in the FOIA Appeal Order that "much of the information" was likely not protected.

### *Second Partial Response*

20. Following the receipt of the Revised First Partial Response, BMPC requested by email dated February 26, 2025 and March 6, 2025 that DOE provide further information as to why the Revised First Partial Response remained substantially redacted despite the clear instructions of the FOIA Appeal Order.

21. On April 1, 2025, BMPC met and conferred with DOE regarding the status of any remaining productions pursuant to the FOIA Request and the FOIA Appeal Order. DOE advised that it was in the process of reviewing certain additional responsive documents which it intended to produce in mid-2025.

22. On May 8, 2025, BMPC received the remaining tranche of responsive documents (the "Second Partial Response"). The Second Partial Response included substantial redactions under FOIA Exemptions 4 and 6, as explained in the associated DOE determination letter.

23. To date, no appeal has yet been filed regarding the Second Partial Response.

## COUNT 1
### *Violation of FOIA*
### *Unlawfully Withholding Portions of Responsive Documents*

24. The above paragraphs 1 through 23 are restated and incorporated by reference.

25. DOE has wrongfully withheld agency records responsive to the FOIA Request. DOE has no legal basis for wholesale redaction of the DOE Loan documents pursuant to FOIA Exemption 4.

26. BMPC has exhausted all applicable administrative appeals with respect to DOE's wrongful withholding of the requested records.

27. BMPC continues to be irreparably harmed by DOE's wrongful withholding of the requested records and is entitled to injunctive relief requiring the immediate release of the Loan Documents, consistent with the FOIA Appeal Order.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

i. Declare unlawful DOE's failure to respond in full to the FOIA Request within twenty working days;

ii. Order DOE to immediately release the entire Loan Document without improper redactions;

iii. Grant BMPC an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

iv. Grant BMPC such other relief as the Court deems just and proper.

Dated: June 5, 2025                               Respectfully submitted,

*/s/ Daniel J. Walker*
J. Taylor Hollinger*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000
thollinger@bm.net

Daniel J. Walker (D.C. Bar No. 219439)
**BERGER MONTAGUE PC**
1001 G Street, NW Suite 400 East
Washington DC, 20001
Phone: (202) 559-9745
dwalker@bm.net

*\* Pro Hac Vice Pending*